78 F.3d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
YOSEMITE INSURANCE COMPANY, a California corporation,
Plaintiff-Counter-Defendant-Appellee,
v.
The HOME INSURANCE COMPANY, a New Hampshire corporation,
Defendant-Counter-Claimant-Cross-Claimant-Appellant,
and
St. Paul Fire and Marine Insurance, Company, a Minnesota
corporation, Defendant-Cross-Defendant-Appellee.
YOSEMITE INSURANCE COMPANY, a California corporation,
Plaintiff-Counter-Defendant-Cross-Appellant,
v.
The HOME INSURANCE COMPANY, a New Hampshire corporation,
Defendant-Counter-Claimant-Cross-Claimant,
and
St. Paul Fire & Marine Insurance Company, a Minnesota
corporation, Defendant-Cross-Defendant-Cross-Appellee,
 Nos. 94-55000, 94-55001.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 18, 1995.
Decided March 1, 1996.
 
 1
 Before: HUG and LEAVY, Circuit Judges, and MUECKE, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The Home Insurance Company ("Home") contends in its direct appeal that the district court committed reversible error by dismissing, with prejudice and without leave to amend, its cross-claim against St. Paul Fire and Marine Insurance Company ("St. Paul"); and by entering summary judgment in favor of Yosemite Insurance Company ("Yosemite") and against Home on the former's complaint and the latter's counter-claim.
 
 
 4
 The ruling in favor of St. Paul was based on the earlier dismissal of Yosemite's action against St. Paul. Neither Yosemite nor St. Paul challenges that earlier dismissal, which was clearly proper: Yosemite expressly alleged in its complaint that the malpractice complained of was a single act that occurred in 1969, and that St. Paul had already contributed 100% of its 1969 policy limits to the settlement. Home's cross-claim, however, did not limit the time frame to 1969, but alleged that the malpractice occurred over several years; that St. Paul provided insurance coverage for some of those years; and that St. Paul had only contributed the limits of a single policy (1969) to the settlement.
 
 
 5
 In order for the district court to grant St. Paul's motion to dismiss the cross-claim, it had to conclude that St. Paul was not subject to liability beyond 1969 for the insured's malpractice. Cf. Montrose Chem. Corp. v. Admiral Ins. Co., 10 Cal.4th 645, 672-73 (Cal.1995) (damage suffered during successive liability policy periods potentially covered by all policies in effect during those periods). To reach that conclusion, however, the court had to find that the malpractice complained of was a single act occurring in 1969, either by rejecting Home's allegation that the malpractice occurred "over a number of years," or by going beyond the face of Home's cross-claim. To the extent the dismissal was based on the rejection of facts as alleged in the cross-claim, it was improper. See Fed.R.Civ.P. 12(b)(6). To the extent the dismissal was based on the court's going beyond the face of the cross-claim and treating the motion to dismiss as one for summary judgment, that also would have been improper, as there is no indication that the court gave notice or an opportunity to oppose the motion. See Fed.R.Civ.P. 12(b) and 56(c).
 
 
 6
 Home also contends that genuine issues of material fact exist with respect to two issues: First, whether the insured's August 20, 1969 act was the sole wrongful event triggering coverage; and second, whether Yosemite waived the right to seek recovery of its settlement contribution by way of indemnification.
 
 
 7
 While it is true that a single act of malpractice may be compounded by a failure to inform a client thereof, it does not necessarily follow that each successive failure to inform must give rise to a new act of, and claim for, malpractice. See, e.g., Chamberlin v. Smith, 140 Cal.Rptr. 493, 496-97 (Cal.Ct.App.1977). Moreover, we cannot say from the materials before us that Yosemite unquestionably reserved its indemnification rights against the other excess liability insurers for the amount of its contribution to the underlying settlement. Accordingly, summary judgment was improper as to these two issues.
 
 
 8
 The gist of Yosemite's protective cross-appeal is that, if Home prevails on its direct appeal, Yosemite should be permitted to start over again. We disagree. Yosemite framed its complaint in such a way that St. Paul had to be dismissed, and the district court's ruling was correct on that point. Accordingly, and regardless of whether Home should ultimately prevail on remand, Yosemite cannot be heard to complain about the possibility of "inconsistent judgments" entitling it to a reversal of the order dismissing St. Paul from Yosemite's complaint.
 
 
 9
 The dismissal of Yosemite's complaint against St. Paul is AFFIRMED. The dismissal of Home's cross-claim against St. Paul and the entry of summary judgment in favor of Yosemite and against Home are REVERSED and REMANDED for further proceedings. Each party will bear its own costs on appeal.
 
 
 
 *
 The Honorable C.A. Muecke, Senior United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3